**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ANTONIO ORTIZ-SALDANA,**

    **Plaintiff,**

**v.**                                                                                    **Case No. 8:07-cv-2232-T-30TGW**

**CITIFINANCIAL SERVICES, INC., et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Citifinancial Services, Inc.'s (**"Citi"**), and Jamie Charrier's (together, **"Defendants"**) Amended Motion to Dismiss and Compel Arbitration (Dkt. 5), Plaintiff's Memorandum in opposition to the same (Dkt. 8), Defendants' Motion to Stay Discovery (Dkt. 6), and Plaintiff's Memorandum in opposition to the same (Dkt. 9). The Court, having considered the motions, memoranda, and supporting documentation, and being otherwise fully advised in the premises, determines that Defendants' motions should be denied.

Plaintiff initially filed its Class Action Complaint in state court, alleging Defendants violated Florida's Consumer Collection Practices Act (**"FCCPA"**) by using abusive, deceptive, and unfair debt collection practices. Specifically, Plaintiff alleges that form debt

collection letters utilized by Defendants violate the FCCPA.[1]  On or about December 10, 2007, Defendants removed the action to this Court.

Defendants have moved to compel arbitration and/or dismiss the Class Action Complaint based on an alleged Arbitration Agreement between Plaintiff and Defendants. Defendants claim that on or about October 16, 2006, Plaintiff executed and delivered to Defendants (i) a certain Disclosure Statement, Note and Security Agreement, in the principal amount of $7,536.49, and (ii) an accompanying Arbitration Agreement.  Pursuant to the Arbitration Agreement, the parties agreed to resolve all disputes through binding arbitration in accordance with the Federal Arbitration Act.[2]

In his response to the Defendants' motions, Plaintiff filed an affidavit claiming that the signatures to the Arbitration Agreement and the Disclosure Statement, Note, and Security Agreement were not his.  Further, Plaintiff claims he did not obtain the loan from Citi that is referenced in Defendants' motions.  Plaintiff claims that, upon receipt of the letter that is the subject of this lawsuit, he called Citi and was asked to provide the last four digits of his Social Security number.  According to Plaintiff, a representative for Citi informed him that the letter had been sent to the wrong party and that he was not the Antonio Ortiz who had taken out the loan.

---

[1] Plaintiff attached a copy of the collection letter he received from Defendants to the Class Action Complaint.  See Exhibit "A" to the Class Action Complaint (Dkt. 2).

[2] Defendants attached a copy of the Arbitration Agreement to their motion to compel arbitration.  See Exhibit "B" to the Affidavit of Teresa M. Baer (Dkt. 5-2).  The document was signed by Antonio Ortiz.

As discussed by the Eleventh Circuit in <u>Becker v. Davis</u>, 491 F.3d 1292, 1298 (11th Cir. 2007):

> The first step in determining the propriety of a motion to compel arbitration pursuant to Section 4 of the Federal Arbitration Act ("FAA") is "to determine whether the parties agreed to arbitrate the dispute." *Klay v. All Defendants,* 389 F.3d 1191, 1200 (11th Cir.2004) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth Inc.,* 473 U.S. 614, 626, 105 S.Ct. 3346, 3353, 87 L.Ed.2d 444 (1985)).[FN8] While there is a liberal federal policy favoring arbitration agreements, "the FAA's strong proarbitration policy only applies to disputes that the parties have agreed to arbitrate." *Id.* A party cannot be forced to arbitrate any dispute that the party has not agreed to submit to arbitration. *See Volt Info. Scis., Inc. v. Bd. of Trs. of the Leland Stanford Junior Univ.,* 489 U.S. 468, 479, 109 S.Ct. 1248, 1256, 103 L.Ed.2d 488 (1989) ("Arbitration under the [FAA] is a matter of consent, not coercion …").
>
> FN8. The second step in ruling on a motion to compel arbitration is to determine "whether legal constraints external to the parties' agreement foreclosed arbitration." *Mitsubishi Motors,* 473 U.S. at 628, 105 S.Ct. at 3355.

Plaintiff's affidavit raises a material issue of fact as to whether he was a party to the Arbitration Agreement. If he was not a party to the agreement, as he claims, then he is not bound by its terms and cannot be forced to arbitrate his dispute. Accordingly, the Court concludes that the motion to compel arbitration and/or to dismiss should be denied without prejudice. The Court will reconsider the motion upon a showing by Defendants that the Plaintiff in this action was a party to the subject Arbitration Agreement.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Amended Motion to Dismiss and Compel Arbitration (Dkt. 5) is **DENIED without prejudice.**

2.      Defendants' Motion to Stay Discovery (Dkt. 6) is **DENIED as moot**.

**DONE** and **ORDERED** in Tampa, Florida on January 3, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2007\07-cv-2232.mt compel.frm